(No. 86-CV-0599- )

*In re* APPLICATION OF JOHN L. VASCONCELLES.

*Opinion filed October 20, 1986.*

ROGER C. DENTON, for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE MANLEY, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on August 23, 1985. John L. Vasconcelles, father of the deceased victim, Mark J. Vasconcelles, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on November 25, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased son, Mark J. Vasconcelles, age 29, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1).

2. That on August 23, 1985, the victim was shot, allegedly by an offender who was known to him. The incident occurred in a parking lot located at Sangamon State University, Springfield, Illinois. Police investigation revealed that the victim was leaving work when the offender approached him. The offender then produced a gun and for no apparent reason, shot the victim twice. The victim was taken to Memorial Medical Center where he was pronounced dead on arrival. The alleged offender has been apprehended and charged with

murder. Criminal proceedings against him are currently pending as he has been found to be mentally unfit to stand trial at this time.

3. That the Claimant seeks compensation under the Act for funeral expenses and for medical expenses incurred prior to the victim's death. The Claimant was not dependent upon the victim for support.

4. That according to section 10.1(c) of the Act, a person related to the victim is eligible for compensation for funeral, medical and hospital expenses provided that such expenses were paid by him.

5. That funeral and burial expenses were paid by the Claimant in the amount of $5,359.48. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.00.

6. That the Claimant submitted an ambulance bill in the amount of $212.50, $62.00 of which was paid by insurance, leaving a balance of $150.00. The Claimant has not paid this balance. Therefore, pursuant to section 10.1(c) of the Act, this bill cannot be considered for compensation at this time.

7. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life

insurance that would inure to the benefit of the applicant.

8. That the Claimant has received nothing in reimbursements as a result of the victim's death that can be counted as applicable deductions.

9. That the Claimant may petition the Court to reopen consideration of his claim should he pay a compensable amount toward the outstanding medical expenses incurred as a result of the victim's death, pursuant to section 16 of the Act.

10. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $2,000.00 maximum award deemed compensable under the Act for funeral benefits.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be and is hereby awarded to John L. Vasconcelles, father of the deceased victim, Mark J. Vasconcelles, an innocent victim of a violent crime.